UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEILA MARCELIN-LABRADOR, <br><br> Plaintiff, <br><br> v. <br><br> NTV INTERNATIONAL CORPORATION and SHO WATANABE, <br><br> Defendants. | Civil Action No. 24-3541 (JEB) |

**MEMORANDUM OPINION AND ORDER**

On November 3, 2022, Plaintiff Leila Marcelin-Labrador and Defendant Sho Watanabe collided while driving their vehicles in the District of Columbia. Marcelin-Labrador sued Watanabe for negligent driving and NTV International Corporation, Watanabe's employer and the renter of his vehicle, for vicarious liability as well as negligent hiring and supervision of Watanabe. NTV now moves for summary judgment, contending that no jury could find either that Watanabe was acting within the scope of his employment while driving or that the company negligently hired or supervised him. Marcelin-Labrador correctly responds that NTV's Motion is premature without further discovery; as a result, the Court will deny it without prejudice.

**I.     Background**

The Court begins with certain background facts that are not in dispute for the purposes of this Motion. NTV is a Japanese news-production company with an office in the District of Columbia. See ECF No. 44-2 (NTV SUMF), ¶ 1. Watanabe worked for NTV as a news correspondent here, and his primary duties were news reporting and conducting interviews. Id., ¶ 2. At the time of the collision, Watanabe, who had a valid Virginia driver's license, was

1

driving to work in a company vehicle leased by NTV. Id., ¶¶ 7–10. Marcelin-Labrador also does not dispute that Watanabe had never been involved as a driver in any prior automobile accident, id., ¶ 11, that he had never had his license suspended or revoked, id., ¶ 12, that NTV was not aware of any other automobile accidents involving Watanabe, id., ¶ 13, and that NTV was not aware of Watanabe's receiving any traffic citations from any law-enforcement agency. Id., ¶ 14. The parties, however, dispute whether Watanabe was acting within the scope of his employment at the time of the accident. See ECF No. 45-2 (Pl. Resp. to NTV SUMF), ¶ 3.

Marcelin-Labrador originally filed this suit in D.C. Superior Court against NTV and Watanabe, seeking $200,000 in damages for negligent driving and negligent hiring/supervision. See ECF No. 1-2 (Compl.), ¶¶ 1–10. Watanabe, who has since moved to Japan, removed the matter to this Court on diversity grounds. See ECF No. 1 (Notice of Removal). NTV now moves for summary judgment on the ground that Watanabe was not negligently hired, trained, or supervised as a driver for NTV and that he was not acting within the scope of his employment when the collision occurred. See ECF No. 44 (MSJ). at 4, 8. Marcelin-Labrador responds that the record is incomplete because Watanabe has not yet been deposed, and she thus requests additional discovery. See ECF No. 45-2 (Pl. Opp.) at 8.

**II.    Legal Standard**

Summary judgment is appropriate when the pleadings and the evidence demonstrate that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986); Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006). "A fact is 'material' if a dispute over it might affect the outcome of a suit under governing law; factual disputes that are 'irrelevant or unnecessary' do not affect the summary judgment determination." Holcomb, 433

F.3d at 895 (quoting Liberty Lobby, 477 U.S. at 248).  An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  Scott v. Harris, 550 U.S. 372, 380 (2007); Liberty Lobby, 477 U.S. at 248; Holcomb, 433 F.3d at 895.

Rule 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Such an affidavit "must satisfy three criteria.  First, it must outline the particular facts [nonmovants] intend[] to discover and describe why those facts are necessary to the litigation.  Second, it must explain why [nonmovants] could not produce [the facts] in opposition to the motion [for summary judgment].  Third, it must show the information is in fact discoverable." Convertino v. U.S. Dep't of Just., 684 F.3d 93, 99–100 (D.C. Cir. 2012) (internal citations and quotation marks omitted).

### III.    Analysis

Marcelin-Labrador believes that NTV's Motion is premature and that she cannot appropriately respond to it until she deposes Watanabe.  See Pl. Opp. at 8–9.  Her attorney has submitted a somewhat cursory affidavit stating, "Plaintiff requires the deposition of Defendant Sho Watanabe to present facts essential to justify the Plaintiff's opposition to Defendant NTV's motion."  ECF No. 45-5 (Affirmation), ¶ 2.  While the affidavit itself does not describe with particularity why Watanabe's testimony is necessary, it references Part 1 of Plaintiff's Opposition, which sufficiently fills that gap: "Defendant Watanabe is the central factual witness on every issue raised in Defendant NTV's motion, including the scope of his employment, his use of the corporate vehicle, the nature and extent of NTV's supervision and training, and the circumstances of the collision itself."  Pl. Opp. at 9.  The Court may "consider points raised in

the Opposition" to support conclusions in the affidavit.  Morales v. Humphrey, 309 F.R.D. 44, 48 (D.D.C. 2015).

The first element of Rule 56(d) requires an affidavit to be "stat[ed] with sufficient particularity" to justify the discovery request.  Ikossi v. Dep't. of Navy, 516 F.3d 1037, 1045 (D.C. Cir. 2008) (internal quotation marks omitted); see also Strang v. U.S. Arms Control & Disarmament Agency, 864 F.2d 859, 861 (D.C. Cir. 1989) (plaintiff must "state with sufficient particularity . . . why discovery [is] necessary," and a court may deny a Rule 56(d) motion if no adequate explanation of facts is given).  The Court finds that Watanabe — the central figure in this dispute — possesses critical facts that may be dispositive of Plaintiff's claim.

As to the second element, Marcelin-Labrador could not have produced these facts because they are uniquely known to Watanabe, who has not yet been deposed.  Plaintiff's counsel affirms in his affidavit that "Plaintiff has been unable to obtain the deposition of Defendant Watanabe given that Defendant Watanabe resides in Japan."  Affirmation, ¶ 3. According to Plaintiff, "[I]n the fall of last year, undersigned counsel conferred directly with defense counsel regarding the deposition of Defendant Watanabe, who resides in Japan."  Pl. Opp. at 8.  During that meeting, "[d]efense counsel represented that liability would not be seriously contested."  Id.  Relying on those assurances, "Plaintiff agreed to defer Defendant Watanabe's deposition, which would have required international coordination and travel to the United States, until the week of trial, if necessary."  Id.  Given the circumstances, the Court concludes that Plaintiff has not been dilatory in pursuing discovery.  NTV cannot now take advantage of Plaintiff's cooperative approach to discovery by pushing for summary judgment when key facts remain unrevealed.

4

Under the third prong, the requesting party must show "a reasonable basis to suggest" that the information is in fact discoverable. Bancoult v. McNamara, 217 F.R.D. 280, 283 (D.D.C. 2003) (citing Carpenter v. Fed Nat'l Mortgage Ass'n, 174 F.3d 231, 237 (D.C. Cir. 1999)). "The party seeking relief under Rule 56(d) must do more than offer conclusory allegation[s] without any supporting facts to justify the proposition that the discovery sought will produce the evidence required." U.S. ex rel. Folliard v. Gov't Acquisitions, Inc., 880 F. Supp. 2d 36, 41 (D.D.C. 2012) (cleaned up), aff'd, 764 F.3d 19 (D.C. Cir. 2014). Here, there is little doubt that Marcelin-Labrador will obtain the desired information since she merely requires the deposition of Watanabe, one of the central witnesses in this case, to do so.

As a result, Marcelin-Labrador satisfies all factors under Rule 56(d).

### IV. Conclusion

For the foregoing reasons, Defendant's [44] Motion for Summary Judgment is DENIED WITHOUT PREJUDICE.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: February 10, 2026